**Modified and Affirmed and Opinion Filed December 14, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00961-CR
### No. 05-21-00962-CR

**BRIAN SYLVESTER DIGGS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-52897-M & F20-52898-M**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Myers

Appellant Brian Sylvester Diggs entered negotiated pleas of guilty and judicial confessions in two cases: (1) possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams in cause number 05-21-00961-CR; and (2) possession of heroin in an amount less than one gram in cause number 05-21-00962-CR. The court accepted the pleas and, in accordance with the terms of the respective plea agreements, placed appellant on five years of deferred adjudication probation in each case. Appellant subsequently entered pleas of true to allegations in the State's motions to adjudicate in the two

cases. The court adjudicated appellant guilty and revoked his probation in the two cases. In cause 05-21-00961-CR, the court sentenced appellant to fifteen years of confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), and in cause 05-21-00962-CR, the court sentenced appellant to one year in the State Jail Division of the TDCJ.

Appellant's counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes this appeal is frivolous and without merit.

Counsel certifies that he provided appellant with a copy of the brief and the motion to withdraw. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*); *see also Arevalos v. State*, 606 S.W.3d 912, 915–16 (Tex. App.—Dallas 2020, no pet.) (citing *High* and concluding *Anders* brief in support of motion to withdraw did not meet requirements of *Anders* and was deficient as to form). We advised appellant by letter of his right to file a pro se response, but he has not filed a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178

S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note one clerical error in the judgment in cause 05-21-00962-CR, and a separate clerical error in each of the judgments. Appellant was convicted of the state jail felony offense of possession of less than one gram of heroin under section 481.115(b). *See* TEX. HEALTH & SAFETY CODE § 481.115(b). But the written judgment in 00962-CR incorrectly states that the applicable statute is section 481.115(c). In addition, the judgments in each of the cases state that the attorney for the State was Thelma Anderson, while the reporter's record shows the attorney for the State to be Amy Lockhart.

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment in 05-21-00962-CR to reflect that appellant was convicted of the state jail felony offense of possession of less than one gram of heroin under section 481.115(b), and we further modify each judgment to reflect that the attorney for the State was Amy Lockhart.

We grant counsel's motion to withdraw and, as modified, affirm the judgment.


/Lana Myers//
LANA MYERS
JUSTICE

210961f.u05
210962f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIAN SYLVESTER DIGGS,
Appellant

No. 05-21-00961-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-52897-M.
Opinion delivered by Justice Myers.
Justices Pedersen, III and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**MODIFIED** as follows:

The portion of the judgment entitled "Attorney for State" is changed to
"Amy Lockhart SBOT 24056758.

As **REFORMED**, the judgment is **AFFIRMED**. The trial court is directed to

prepare a corrected judgment that reflects the modifications made in this Court's

opinion and judgment in this case.

Judgment entered this 14th day of December, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BRIAN SYLVESTER DIGGS,
Appellant

No. 05-21-00962-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-52898-M.
Opinion delivered by Justice Myers.
Justices Pedersen, III and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The portion of the judgment entitled "Statute for Offense" is changed
to "481.115(b) Health and Safety Code."

The portion of the judgment entitled "Attorney for State" is changed to
"Amy Lockhart SBOT 24056758

As **REFORMED**, the judgment is **AFFIRMED**.  The trial court is directed to

prepare a corrected judgment that reflects the modifications made in this Court's

opinion and judgment in this case.

Judgment entered this 14th day of December, 2022.